IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 3, 2022

**ROBERT SMITH v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County
Nos. 16-06651, 16-06652, 17-01523, 18-06253  J. Robert Carter, Jr., Judge**

———————————————————

**No. W2021-00890-CCA-R3-PC**

———————————————————

In November of 2018, Petitioner, Robert Smith, pleaded guilty to three counts of aggravated rape in exchange for an effective 18-year sentence.  The crimes were all committed in 1986.  Petitioner filed a pro se petition for post-conviction relief alleging ineffective assistance of plea counsel.  At the evidentiary hearing, the post-conviction court heard testimony and arguments on the ineffective assistance of counsel claim and whether Petitioner freely and voluntarily entered his guilty plea.  The post-conviction court denied relief.  On appeal, Petitioner argues that he did not freely and voluntarily enter his guilty plea.  After review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Joseph A. McClusky (on appeal), Memphis, Tennessee, and Robert Felkner (at guilty plea hearing), Memphis, Tennessee, for the appellant, Robert W. Smith.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Cavette Ostner, Regina Thompson, and Leslie Byrd, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

Between 2016 and 2018, a Shelby County Grand Jury indicted Petitioner in four separate cases for five counts of aggravated rape that allegedly occurred in 1986.  A guilty plea hearing was held on November 15, 2018.  Petitioner pleaded guilty to three counts of aggravated rape under indictment numbers 16-06652, 17-01523, and 18-06253,

with 16-06651 being dismissed.  Petitioner stipulated to the State's factual summaries for each case and asked the court to enter a best interest plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970).  The trial court asked Petitioner whether he reviewed the guilty plea with trial counsel before he signed the document.  Petitioner answered in the affirmative.  The trial court explained to Petitioner his right to a jury trial.  Specifically, the trial court said:

> If the jury found you guilty of anything, you would have a right to an appeal, . . . [y]ou could have a higher court look at any conviction to see if there were legal errors or mistakes in it, but when you enter a guilty plea, there's not going to be any jury trial and not going to be any appeal from that trial; do you understand?

Petitioner replied "[y]es."  The trial court reviewed the plea agreement with Petitioner.  Petitioner affirmed that he was to plead guilty to three counts of aggravated rape under indictment numbers 16-06652, 17-01523, and 18-06253.  Petitioner acknowledged that he would receive three concurrent 18-year sentences in confinement and that indictment number 16-06651 would be dismissed.  Petitioner confirmed he understood the plea terms, he was entering the plea freely and voluntarily, and nobody threatened or coerced him to enter the plea.  The trial court explained to Petitioner the meaning of a best interest plea.  The trial court again asked Petitioner if was entering the plea freely, voluntarily, and without force or threat.  Petitioner again affirmed his understanding.  The trial court found that Petitioner entered his plea freely and voluntarily, that Petitioner made the waiver knowingly and intelligently, and that Petitioner was free from threats or coercion.  The trial court accepted the plea and sentenced Petitioner to 19 years in confinement.[1]

Petitioner filed a pro se petition for post-conviction relief alleging ineffective assistance for counsel's failure to file an "interlocutory appeal on [Petitioner's] motion for pre-indictment delay" and for failure to file a motion to dismiss for violating the statute of limitations.  The trial court appointed post-conviction counsel.  The State's response to Petitioner's petition for post-conviction relief indicates that appointed counsel filed an amended petition; however, the record does not include an amended petition.  The State's response included an argument that Petitioner's "guilty plea was voluntarily and knowingly entered."  The post-conviction court held an evidentiary hearing on June 1, 2021.

---

[1] At the conclusion of the guilty plea hearing, the trial court sentenced Petitioner to 19 years in confinement.  However, the trial court explicitly accepted the plea agreement which, as it explained during the hearing, indicated an 18-year sentence.  Based off of the trial court's explanation and acceptance of the guilty plea, along with the judgment forms reflecting 18-year sentences, we conclude that the 18-year sentences reflected on the judgment forms are correct.

At the evidentiary hearing, Petitioner testified he only pled guilty because his counsel told him "that they w[ere] going to find [him] guilty and the best thing for [him] to do was to get a sentence that [he] could do and plead guilty." When asked whether counsel explained to Petitioner that he would be unable to appeal from a guilty plea, Petitioner said no. Petitioner confirmed counsel advised him to plead guilty and receive a lower sentence. Petitioner acknowledged that he followed counsel's advice.

On cross-examination, Petitioner admitted that he remembered entering his plea and speaking with the trial court. Petitioner recalled the trial court's explaining the effect of entering a guilty plea and the inability to appeal from the plea. Petitioner denied that the trial court explained the difference between sentencing laws in 1986 when the offenses were committed and in 2018 when he pleaded guilty. Petitioner acknowledged that he understood the guilty plea hearing proceedings.

Plea counsel testified he had served as a public defender since 1995. Plea counsel confirmed that he had practiced criminal law his entire legal career and had handled around 50 aggravated rape cases. Plea counsel remembered Petitioner's case. He testified that they spoke at length regarding the case and that Petitioner understood the accusations. Plea counsel recalled a lengthy hearing on the statute of limitations because the incidents occurred in 1986. During that hearing, counsel argued that the new statute of limitations should apply to the case. The trial court ultimately denied Petitioner's motion to apply the current statute of limitations. Plea counsel testified that Petitioner told him he was afraid of receiving consecutive sentences and "thought he could handle a 20-year sentence[.]"

On cross-examination, counsel testified that he was prepared to go to trial. Counsel confirmed that the statute of limitations issue and the pre-indictment delay issue would have been raised on appeal following a trial. Plea counsel confirmed that he explained to Petitioner the appeal rights he would be waiving by pleading guilty. Counsel believed Petitioner received the benefit of the new statute of limitations because he only received an 18-year sentence.

The post-conviction court issued a written order denying post-conviction relief. The court found that "Petitioner's allegation that he didn't think the guilty plea ended the case is simply not supported by the proof." The court found plea counsel's testimony that he explained the implications of pleading guilty to Petitioner coupled with the guilty plea colloquy established "Petitioner understood that he was finishing his cases." The post-conviction court concluded that counsel was not deficient. Petitioner appeals the denial of his petition for post-conviction relief.

*Analysis*

- 3 -

Petitioner alleges that the post-conviction court erred in denying relief because his guilty plea was not entered into knowingly or voluntarily.[2] The State responds that the court properly denied post-conviction relief.

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, a post-conviction court's findings of fact are conclusive unless the evidence preponderates otherwise. *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). Accordingly, questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court, and an appellate court may not substitute its own inferences for those drawn by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

Petitioner did not raise the voluntariness of his guilty plea as an issue in his petition for post-conviction relief. However, the issue was briefly argued at the evidentiary hearing and the trial court concluded that Petitioner understood the implications of pleading guilty. *See Holland v. State*, 610 S.W.3d 450, 458 (Tenn. 2020) (stating that "Tennessee appellate courts may only consider issues that were not formally raised in the post-conviction petition if the issue was argued at the post-conviction hearing with no objection and decided by the post-conviction court without objection."). Therefore, we will consider Petitioner's claim.

To satisfy constitutional standards of due process, a guilty plea must be entered knowingly, intelligently, and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). When evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that "[t]he standard was and remains whether the plea represents

---

[2] Petitioner appears to include a new claim of ineffective assistance of counsel in his appellate brief and abandons the ineffective assistance of counsel claims argued at the post-conviction hearing. Any new argument advanced by Petitioner on appeal that plea counsel was ineffective for failing to fully explain the implications of pleading guilty is waived. *See State v. Allen*, 593 S.W.3d 145, 154 (Tenn. 2020) (stating that "[g]enerally, issues raised for the first time on appeal are waived.").

a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Alford*, 400 U.S. at 31. In making this determination, the reviewing court must look to the totality of the circumstances. *See State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995); *Chamberlain v. State*, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). This Court may consider the following circumstantial factors:

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from trial.

*Blankenship v. State*, 858 S.W.2d 897, 905 (Tenn. 1993). "[A] plea is not 'voluntary' if it results from ignorance, misunderstanding, coercion, inducements, or threats." *Ward v. State*, 315 S.W.3d 461, 465 (Tenn. 2010). "Before a Tennessee court can accept any guilty plea, the court must determine that the defendant is pleading guilty voluntarily and with an understanding of the nature of the plea and its consequences" and that there is an adequate factual basis for the plea. *Hicks*, 983 S.W.2d at 247. A defendant's solemn declaration in open court that his plea is knowing and voluntary creates "a formidable barrier in any subsequent collateral proceeding" because these declarations "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

At the guilty plea colloquy, the trial court thoroughly explained the offenses in each case and the effect of pleading guilty versus proceeding to trial. At the evidentiary hearing, Petitioner admitted that he understood the court's explanations from the guilty plea hearing. Plea counsel practiced criminal law almost exclusively since 1995 and had handled around 50 aggravated rape cases. Counsel testified that he spoke with Petitioner at length regarding his case. Plea counsel confirmed that he explained Petitioner's inability to appeal following a plea of guilty. We agree with the post-conviction court that Petitioner's claim is simply not supported by the proof. Therefore, Petitioner is not entitled to relief.

*Conclusion*

Based on the foregoing, we affirm the judgment of the post-conviction court.

_____
TIMOTHY L. EASTER, JUDGE

- 5 -